UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
............................................................... x
AMERICAN CIVIL LIBERTIES UNION,

        Plaintiff,

                                        21-cv-10719

   v.

FEDERAL BUREAU OF INVESTIGATION,
                                        **ANSWER**

        Defendant.
............................................................... x

        Defendant Federal Bureau of Investigation ("FBI" or "Defendant") answers the Complaint, ECF No. 1, as follows:

## INTRODUCTION[1]

        1.      The first sentence of paragraph 1 contains Plaintiff's characterization of this action, to which no response is required. In response to the second sentence of paragraph 1, Defendant admits only that it sent Plaintiff a letter dated June 10, 2021, in response to Plaintiff's Freedom of Information Act ("FOIA") request dated January 8, 2021; Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

        2.      Paragraph 2 consists of Plaintiff's description of "cell site simulators." These sentences do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

        3.      In response to the first sentence of Paragraph 3, Defendant admits only that the FBI has previously entered into nondisclosure agreements ("NDAs") with state and local law enforcement agencies. The second sentence consists of Plaintiff's characterization of the NDAs,

---

[1] Defendant repeats the headings from Plaintiff's Complaint for ease of reference, without admission of the allegations contained therein.

1

which speak for themselves and are the best evidence of their contents.  The remainder of the paragraph consists of legal references and citations, to which no response is required; to the extent a response is required, Defendant refers the Court to the referenced legal opinions as the best evidence of their contents.

      4.      The first sentence of Paragraph 4 consists of Plaintiff's characterization of unspecified statements of the FBI.  This sentence does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is required, the FBI is without knowledge or information sufficient to admit or deny the allegations and on that basis denies them. The remainder of Paragraph 4 consists of Plaintiff's characterization of actions of a third-party corporation, and others.  These sentences do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is required, the FBI is without knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

      5.      In response to the first sentence of Paragraph 5, Defendant admits only that it received from Plaintiff, via its eFOIPA portal, a FOIA request dated January 8, 2021. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.  In response to the second sentence, Defendant admits only that it sent Plaintiff a letter, dated June 10, 2021.  Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.  The third sentence consists of Plaintiff's general characterization of law, to which no response is required.  In response to the fourth sentence, Defendant admits that, as of the date of the Complaint, it had not conducted a search nor provided any records in response to the FOIA request at issue.

6. The first sentence of Paragraph 6 consists of Plaintiff's characterization of the FBI's use of a legal theory; this sentence does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. The second sentence is a legal conclusion, to which no response is required. The third sentence consists of legal conclusions couched as factual allegations, to which no response is required.

7. Paragraph 7 describes the relief sought in this action, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought or any other relief.

## JURISDICTION AND VENUE

8. Paragraph 8 sets forth legal conclusions regarding jurisdiction, to which no response is required.

9. Paragraph 9 sets forth legal conclusions regarding venue, to which no response is required.

## PARTIES

10. The first three sentences of Paragraph 10 consist of Plaintiff's characterization of itself, to which no response is required. The fourth sentence is a legal conclusion couched as a factual allegation, to which no response is required. The to the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 10 and on that basis denies them.

11. In response to the allegations of Paragraph 11, Defendant avers that the FBI is a component of DOJ and is subject to the requirements of the FOIA. Defendant denies the remaining allegations of Paragraph 11.

## FACTS

12. The first and second sentences of Paragraph 12 consist of Plaintiff's characterizations of the actions of law enforcement agencies and the FBI; they do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. In response to the third sentence, Defendant avers that that some NDAs have been released in response to public records requests, and admits that the FBI has publicly acknowledged its use of NDAs. Defendant denies the remaining allegations of the third sentence. To the extent that Paragraph 12 purports to characterize the sources cited in footnotes 1 through 3, Defendant refers the Court to those sources as the best evidence of their contents.

13. In response to the first sentence of Paragraph 13, the FBI admits that some FBI NDAs relating to state and local law enforcement agencies' purchases of cell site simulator equipment from Harris are in the public domain. The remainder of the first sentence consists of legal conclusions and Plaintiff's characterization of those NDAs and does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. The second, third, fourth, and fifth sentences consist of Plaintiff's characterizations of the statements and actions of third parties. These sentences do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

### The ACLU's FOIA Request and Defendants' Response

14. In response to the allegations of Paragraph 14, Defendant admits only that it received from Plaintiff, via its eFOIPA portal, a FOIA request dated January 8, 2021.

Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

15. The allegations of Paragraph 15 purpose to characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

16. The allegations of Paragraph 16 purpose to characterize Plaintiff's FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

17. In response to the allegations of Paragraph 17, Defendant admits only that it sent Plaintiff a letter dated April 2, 2021; Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

18. In response to the allegations of Paragraph 18, Defendant admits only that it sent Plaintiff a letter dated June 10, 2021; Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

19. The first sentence in this paragraph consists of a legal conclusion to which no response is required. As to the second sentence, admit only that the FBI has previously officially acknowledged its use of NDAs with state and local law enforcement agencies; the remainder of this sentence consists of Plaintiff's characterizations of FBI actions and does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

20. In response to the allegations of Paragraph 20, Defendant admits only that the Department of Justice Office of Information Policy ("OIP") received from Plaintiff, via its FOIA STAR portal, a letter dated August 23, 2021. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

21. In response to the allegations of Paragraph 21, Defendant denies that the FBI acknowledged receipt of the administrative appeal, but admits that OIP sent to Plaintiff, via email, a letter dated August 24, 2021. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

22. In response to the allegations of Paragraph 22, Defendant admits that, as of the date of the Complaint, OIP had not issued a final determination regarding this administrative appeal.

## CAUSES OF ACTION

23. Paragraph 23 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

24. Paragraph 24 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

25. Paragraph 25 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

26. Paragraph 26 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required; to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.

## DEFENSES

For further and separate answer, Defendant alleges as follows:

### FIRST DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

### SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA.

Defendant may have additional defenses that are not known at this time. Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rule 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant demands judgment dismissing the Complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:    New York, New York           Respectfully submitted,
             January 19, 2022

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendant

By:    /s/ Dominika Tarczynska
        Dominika Tarczynska
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: 212-637-2748
        Fax: 212-637-2686
        e-mail: dominika.tarczynska@usdoj.gov