January 21, 2022

*VIA ECF*
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1506
New York, NY 10007

      Re:    *American Civil Liberties Union v. Federal Bureau of Investigation,*
               No. 21-CV-10719 (RA)
               **Joint Letter for Pretrial Conference**

Dear Judge Abrams,

      Pursuant to this Court's Order and Notice of Pretrial Conference (ECF No. 7), counsel for the parties in the above-named action write in advance of the pretrial conference scheduled for January 28, 2022, at 2:45pm. The requested information follows below.

      As an initial matter, the parties respectfully request that they be relieved of the obligation to file a case management plan. Because this is an action filed pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), it is unlikely to involve civil discovery; nor do the parties currently foresee any need for discovery. Moreover, pursuant to Local Civil Rule 16.1, the case is exempt from the requirement of a mandatory scheduling order contained in Fed. R. Civ. P. 16(b). The parties expect that this case will be resolved either through the parties' agreement, or by the submission of cross-motions for summary judgment on the basis of agency declarations. *See Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994). Accordingly, most of the fields in the Court's proposed case management plan form are not relevant to this case. The parties have addressed all applicable portions of the proposed case management plan below.

      Additionally, as explained at the conclusion of this letter, the parties believe it would be most efficient to adjourn the pretrial conference and propose that it be rescheduled for March 20 or 21.

**1. Nature of the action and principal defenses**

      Plaintiff American Civil Liberties Union ("ACLU") brings this action under the Freedom of Information Act ("FOIA") to compel Defendant Federal Bureau of Investigation ("FBI") to search for and release records regarding the conditions it places on state and local law enforcement agencies' purchase and use of cell site simulator technology.

      The ACLU submitted a FOIA request (the "Request") to the FBI on January 8, 2021 seeking (1) "Any nondisclosure agreement provided to or entered into with any state or local law enforcement agency pertaining to that agency's purchase, use, or possession of cell site simulator

1

technology"; and (2) "All records and communications regarding conditions that state and local law enforcement agencies must meet before those agencies purchase, use, or possess cell site simulator technology, including any requirement to advance coordinate with or obtain approval from the FBI." The request sought all such records created since January 1, 2018.

On June 10, 2021, the FBI informed the ACLU that "pursuant to FOIA exemption (b)(7)(E) [5 U.S.C.§552 (b)(7)(E)], the FBI neither confirms nor denies the existence of records as detailed in your request." (ECF No. 1-3 (brackets in original)). On August 23, 2021, the ACLU administratively appealed the FBI's refusal to confirm or deny the existence of any responsive records, also known as a Glomar response. (ECF No. 1-4). The Department of Justice Office of Information Policy ("OIP") acknowledged receipt of the appeal but, as of the date of the filing of the Complaint, neither OIP nor the FBI had provided any further response or produced any responsive records.

The ACLU filed suit on December 15, 2021, alleging that the FBI's Glomar response violates FOIA's requirement that agencies search for and produce responsive records. The ACLU alleged that whether or not the FBI has records regarding secrecy requirements or other conditions imposed on state and local law enforcement agencies is not a law enforcement "technique," "procedure," or "guideline" protectable under Exemption 7(E). (Compl., ECF No. 1 at ¶¶ 18–19). The ACLU further alleged that the Glomar response is unlawful in light of the FBI's previous public acknowledgements of its imposition of nondisclosure agreements covering cell site simulator technology in the past. (Compl. at ¶¶ 12, 19).

The FBI had decided to withdraw its previous Glomar response, and has initiated its search efforts. After the search results are received, the FBI will review results for responsiveness and provide an estimated page count and proposed processing schedule to Plaintiff. The FBI anticipates that it will be able to provide this estimated page count and proposed processing schedule by March 14, 2022.

## 2. Jurisdiction and venue

This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in the Southern District of New York pursuant to 5 U.S.C. § 552(a)(4)(B), including because it is the district in which the Plaintiff has its principal place of business.

Plaintiff ACLU is a nationwide, non-profit, nonpartisan 501(c)(4) organization incorporated in the District of Columbia, with its principal place of business in New York, New York.

## 3. Contemplated and/or outstanding motions

The parties will attempt to reach agreement on a schedule for search, processing, and production of records responsive to the Request, and if they are unable to reach agreement may

bring any disagreement over such schedule to the Court for resolution. Following completion of the FBI's production of responsive records, the ACLU will determine whether it seeks to challenge the adequacy of the FBI's search or the propriety of any redactions or withholdings under the FOIA exemptions. The parties will confer, and if they cannot resolve any such disputes, they anticipate filing cross motions for summary judgment.

**4. Discovery**

The parties expect this case to be resolved without need for discovery, as is typical of FOIA cases.

**5. Prospect of settlement**

Since the filing of this case, the parties have conferred about their positions by phone, but have not reached any agreements regarding settlement.

**6. Estimated length of trial**

The parties expect this case to be resolved without need for trial, as is typical of FOIA cases. The parties expect that any contested issues will be resolved through cross-motions for summary judgment.

**7. Other information**

The parties will gladly provide any additional information to the Court upon request.

The parties respectfully request that the initial conference scheduled for January 28, 2022 be adjourned and propose that it be rescheduled for March 20 or 21, by which time it is anticipated that the FBI will have provided its estimated page count and proposed processing schedule and the parties will have had the opportunity to confer. We appreciate the Court's consideration of this matter.

Respectfully submitted,

*/s/ Dominika Tarczynska*
Dominika Tarczynska
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel: (212) 637-2748
Fax: (212) 637-2686
dominika.tarczynska@usdoj.gov

*Counsel for Defendant*

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org

Robert Hodgson
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor

New York, NY 10004
(212) 607-3300
rhodgson@nyclu.org

*Counsel for Plaintiff*

## Certificate of Service

I hereby certify that on this 21st day of January, 2022, I filed the foregoing letter via this Court's ECF system, which effected service on counsel for all parties.

<u>*/s/ Nathan Freed Wessler*</u>
Nathan Freed Wessler

4