

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

October 6, 2022

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re: *ACLU v. FBI,* 21 Civ. 10719 (JLR)

Dear Judge Rochon:

      In accordance with the Court's September 23, 2022, Order, ECF No. 21, we write jointly on behalf of Defendant the Federal Bureau of Investigation ("FBI") and Plaintiff the American Civil Liberties Union ("ACLU") to provide the Court an update on the status of this matter in connection with the reassignment of this matter to your Honor.

1. **Names and Contact of Counsel**

      The names and contact information of counsel are accurately reflected on the docket.

2. **Nature of the Case / Principal Defenses**

      The ACLU brought this action on December 15, 2021, to compel the FBI to search for and release records regarding the conditions it places on state and local law enforcement agencies' purchase and use of cell site simulator technology in response to a Freedom of Information Act ("FOIA") request submitted by the ACLU to the FBI on January 8, 2021. The FBI had initially, on June 10, 2021, informed the ACLU that "pursuant to FOIA exemption (b)(7)(E) [5 U.S.C.§552 (b)(7)(E)], the FBI neither confirms nor denies the existence of records as detailed in your request," which type of response is also known as a "Glomar response."

      After this action was filed, the FBI withdrew its prior Glomar response. The FBI produced documents in response to the ACLU's FOIA request in two productions on June 1, 2022, and June 30, 2022. Since that time, the parties have engaged in discussions regarding certain questions raised by the ACLU regarding the FBI's response. In an effort to resolve or narrow issues in dispute, the FBI has agreed to produce a draft *Vaughn* index identifying the basis of withholding of documents withheld in full from its productions. The FBI anticipates providing this draft *Vaughn* index to the ACLU by November 29, 2022.

3. **Jurisdiction / Venue**

This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in the Southern District of New York pursuant to 5 U.S.C. § 552(a)(4)(B), including because it is the district in which the Plaintiff has its principal place of business.

Plaintiff ACLU is a nationwide, non-profit, nonpartisan 501(c)(4) organization incorporated in the District of Columbia, with its principal place of business in New York, New York.

4. **Existing Deadlines**

There are currently no deadlines in this matter. The Parties have been submitting status reports to the Court every sixty days, with the last status report submitted on August 23, 2022.

5. **Previously Scheduled Conference Dates**

There are currently no conference dates scheduled.

6. **Contemplated and/or Outstanding Motions**

The parties will attempt to reach agreement on any disputes related to information withheld from the FBI's production, and if they are unable to reach agreement may update the Court on the need for summary judgment briefing.

7. **Appeals**

There are no pending appeals.

8. **Discovery**

Because this is an action filed pursuant to the FOIA, 5 U.S.C. § 552, it does not as a general matter involve civil discovery, and the parties have not engaged in discovery nor do the parties currently foresee any need for discovery.

9/10. **Settlement Discussions / Alternative Dispute Resolution**

The parties are in discussions regarding withholdings from the FBI's production and do not believe that referral to alternative dispute resolution would be useful at this time. Should the parties' views in this regard change, we will contact the Court for a referral.

11. **Length of Trial**

Because this is an action filed pursuant to the FOIA, 5 U.S.C. § 552, the parties expect that this case will be resolved either through the parties' agreement, or by the submission of cross-motions for summary judgment on the basis of agency declarations. *See Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994). Accordingly, the parties do not anticipate the need for trial.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

By:    */s/ Dominika Tarczynska*
        DOMINIKA TARCZYNSKA
        Assistant United States Attorney
        Tel. (212) 637-2748
        Fax (212) 637-2686
        dominika.tarczynska@usdoj.gov

*Attorney for Defendant*

And

*/s/ Laura Moraff*
Laura Moraff
Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
lmoraff@aclu.org
nwessler@aclu.org

Robert Hodgson
Daphna Spivack
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
rhodgson@nyclu.org

*Counsel for Plaintiff*